UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) ) | MDL No. 16-2740 |
| PRODUCTS LIABILITY ) | |
| LITIGATION ) | SECTION: "H" (5) |
| ) | |
| **This document relates to:** ) | |
| Eunice Villegas, 19-cv-11408 ) | |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Vacate and Reinstate (Doc. 13890). For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

This Court entered Case Management Order No. 12A ("CMO 12A") on July 24, 2018.[2] It sets forth the specific steps that each plaintiff must follow "in a diligent, good faith, and documented manner" to verify the important issue of product identification. One step in this process is for Plaintiffs, following 30 days of receiving notice that named Defendants do not possess

---

[1] Docetaxel is the generic version of Taxotere.
[2] Rec. Doc. 3492.

product identification information, to: (1) issue a subpoena to the infusion facility to release product identification information, and (2) provide a copy of the subpoena to Defendants. Any Plaintiff who fails to comply with this established procedure is subject to dismissal.

On December 15, 2021, this Court held a show cause hearing where Defendants sought dismissal of Plaintiff Eunice Villegas's case due to her noncompliance with CMO 12A. At the hearing, the Court granted Plaintiff an extension to January 7, 2022, to cure her noncompliance. On January 7, 2022, Plaintiff sent Defendants an email documenting her efforts to obtain product ID to date. This email included an Affidavit of Receipt of Subpoena from Plaintiff's treatment provider and a return of service showing that the subpoena was issued on December 15, 2021, but Plaintiff did not attach or otherwise provide the referenced subpoena to Defendants.

On January 21, 2022, Defendants notified the Court of Plaintiffs who failed to cure CMO 12A deficiencies on or before the deadline set forth at the show cause hearing, which included Plaintiff due to her failure to provide Defendants with a copy of the issued subpoena. Four days later, Plaintiff uploaded a copy of the subpoena to MDL Centrality, but Plaintiff did not alert the Court to this upload or submit a response to Defendants' January 21, 2022 letter. Under the belief that Plaintiff had still failed to cure the deficiency, the Court entered an order dismissing Plaintiff's case on February 8, 2022.[3]

Plaintiff then filed the instant Motion on March 9, 2022, moving this Court to vacate the February 8, 2022 order and to reinstate Plaintiff's case. Defendants oppose.

---

[3] Doc. 13774.

## LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."[4] "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court."[5]

Importantly, "[t]he 'mistake' referred to in [Rule 60(b)(1)] can apply to the court's own error."[6] Here, when this Court dismissed Plaintiff's case with prejudice, it did so under the mistaken belief that Plaintiff was not in full compliance with CMO 12A at that time.[7] Accordingly, this Court finds that, pursuant to Rule 60(b)(1), Plaintiff is entitled to relief from the February 8, 2022 dismissal order.

## CONCLUSION

For the foregoing reasons, the Motion to Vacate and Reinstate (Doc. 13890) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's February 8, 2022 order (Doc. 13774) is **VACATED** as is relates to Plaintiff Eunice Villegas only.

---

[4] Hesling v. CSX Transp., Inc., 396 F. 3d 632, 638 (5th Cir. 2005).
[5] *Id.* (quoting Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)).
[6] Santa Fe Snyder Corp. v. Norton, 385 F.3d 884, 887 (5th Cir. 2004) (citing Oliver v. Home Indem. Co., 470 F.2d 329, 330 (5th Cir. 1972)).
[7] As discussed above, Plaintiff uploaded the subpoena at issue to MDL Centrality, curing her CMO 12A deficiency, prior to this Court dismissing her case with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's case (2:19-cv-11408) is **REINSTATED**.

New Orleans, Louisiana, this 27th day of December, 2022.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE